June 24, 1993
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1113

ROBERT KING,

Plaintiff, Appellant,

v.

MARTIN FEED MILLS LIMITED, TIM MARTIN, TONY LLOYD,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Breyer, Circuit Judge,

Selya and Boudin, Circuit Judges.

Carlton J. Dasent on brief for appellant.

Harry C. Mezer, P.C., on Memorandum of Law in Support of Motion

for Summary Affirmance, for appellee.

Per Curiam. The plaintiff-appellant, Robert King, has

appealed a judgment in defendants-appellees' favor, claiming

error in jury instructions given and not given and error in

the formulation of special jury questions. Despite the court

rules, see, e.g., Fed. R. App. P. 10(b), setting out the

appellant's obligation to provide this court with a

sufficient supporting record, this court's extensive caselaw

in this regard, see, e.g., Valedon Martinez v. Hospital

Presbiteriano, 806 F.2d 1128, 1135 (1st Cir. 1986), and the

obvious necessity of providing a transcript to support such

claims of error, the appellant has not done so. Indeed, he

has even expressly decried the necessity of providing a

transcript in this case.

"We have held repeatedly that we will not review a claim

of error if the appellant has failed to include a transcript

of the pertinent proceedings in the record on appeal." Id.

(citing our caselaw). We are unable meaningfully to review

appellant's claims because, as in Valedon Martinez, "in the

absence of a transcript we simply are unable to evaluate the

adequacy of the district court's instruction or to determine

whether appellant interposed a proper objection." Id. So

too, we are unable to determine whether the appellant

properly raised and preserved issues as to instructions not

given or to preferred formulations of the special jury

questions. The appellant's brief, in fact, is strangely

silent as to whether he raised any objections. "No party may

assign as error the giving or the failure to give an

instruction unless that party objects thereto before the jury

retires to consider its verdict, stating distinctly the

matter objected to and the grounds of the objection." Fed.

R. Civ. P. 51. We have required "firm adherence" to this

rule. Transnational Corp. v. Rodio & Ursillo, Ltd., 920 F.2d

1066, 1069 (1st Cir. 1990).

On occasion, despite the absence of a relevant

transcript, we have considered an appellant's claims to the

extent possible on the limited record before us. See, e.g.,

Valedon Martinez v. Hospital Presbiteriano, 806 F.2d at 1135.

In this case, our review finds appellant's arguments

deficient and without hint of possible merit.

Appellant complains that his breach of contract claim

was not heard by the jury.1 This complaint is puzzling as

the first special question presented to the jury was:

Was there in 1990 an agreement for an
exclusive distributorship between
plaintiff, Robert King and defendant,
Martin Feed Mills, Ltd.?

1. Appellant also complains that the jury was not allowed to
hear testimony from his alleged experts on the question of
damages for breach of contract. The clerk's notes from the
trial indicate that one of these witnesses testified and that
the testimony of the second witness was excluded. In the
absence of a transcript, we can derive no further
enlightening information. At any rate, the exclusion of
evidence on damages in harmless where, as here, the judgment
on liability in defendants' favor must stand.

-3-

The jury answered "No," suggesting that the jury considered

the issue of the existence of a contract and found that no

contract existed.

Insofar as appellant's complaint may be directed toward

the issue of improper termination, this issue was not heard

by the jury because the district court directed a verdict

against him. Yet, appellant's brief does not even

acknowledge the directed verdict, much less set out the

standard of review. On appeal from a directed verdict, we

look at the evidence in the light most favorable to the

losing party and determine whether a reasonable jury could

only have reached the same conclusion as the trial court.

Newharbor Partners, Inc. v. F.D. Rich Co., 961 F.2d 294, 298

(1st Cir. 1992). A party challenging a directed verdict may

not rest on conjecture or speculation, but must rely on

evidence which consists of "'more than fragmentary tendrils:

a mere scintilla of evidence is not enough to forestall a

directed verdict,' especially on an issue as to which the

burden of proof belongs to the appellant." Id. (citation

omitted). Appellant cannot succeed in convincing this court

that the district court erred in taking this issue from the

jury without providing us with the evidence which he claims

suffices to merit jury review. And, of course, that

evidence, if it existed, would, of necessity, lie in the

trial transcript.

-4-

Appellant also contends that it was error for the

district court judge to have "instructed the jury that there

was a Counterclaim and she requested that the jury consider

this Counterclaim against the plaintiff." Appellant argues

that the defendants did not file any counterclaim with or

subsequent to their answer. This is of no moment.

When issues not raised by the pleadings
are tried by express or implied consent
of the parties, they shall be treated in
all respects as if they have been raised
in the pleadings. Such amendment of the
pleadings as may be necessary to cause
them to conform to the evidence and to
raise these issues may be made upon
motion of any party at any time, even
after judgment; but failure so to amend
does not affect the result of the trial
of these issues.

Fed. R. Civ. P. 15(b). The record contains the court s

scheduling order of July 14, 1992, and its pretrial order of

November 17, 1992, in which the parties agreed-to issues

included:

Whether defendant improperly terminated
the distributorship or whether plaintiff

had before the date of termination

breached the agreement by failing to pay

his debts to defendant?

It is evident that the defendants' counterclaim for

nonpayment of debts was properly part of this case.

Moreover, in any event, the record indicates that the

district court directed a verdict for the appellant on the

counterclaim.

-5-

In sum, the defendants' request for summary affirmance

is well warranted.

The judgment of the district court is affirmed. Loc. R.

27.1.

We award double costs to the defendants-appellees. Fed.

R. App. P. 38.

-6-